IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATTIE BUSBY,

                Plaintiff,     :     Case No. 3:14-cv-410

                                        District Judge Thomas M. Rose
  -  vs  -                             Magistrate Judge Michael R. Merz

BANK OF AMERICA, N.A., et al.,

                Defendants.     :

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on the Motions to Dismiss of Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (the "Reimer Law Firm")(Doc. No. 7) and Bank of America, N.A. as successor to BAC Home Loans Servicing L.P.; Mohit Pathan, and Mortgage Electronic Registration Systems, Inc. (the "Bank of America Defendants," Doc. No. 10).  The Motions were filed and served January 30, 2015.  On the same date, the Court sent Plaintiff, who is proceeding *pro se,* an Order noting that her response was due to be filed and served not later than February 23, 2015 (Doc. No. 9).  Plaintiff filed a consolidated Memorandum in Opposition March 10, 2015 (Doc. No. 15).  The Reimer Law Firm filed a Reply March 23, 2015 (Doc. No. 23) and the Bank of America Defendants filed a Reply March 25, 2015 (Doc. No. 27).  With the Court's permission, Plaintiff filed a Surreply March 31, 2015 (Doc. No. 30).  The Motions to Dismiss are therefore ripe for decision.

1

Plaintiff asserts that this Court has subject matter jurisdiction of the case pursuant to 28 U.S.C. § 1331, 1337, and 1367 (Complaint, Doc. No. 1, PageID 2) and Defendants do not dispute the Court's jurisdiction.

Plaintiff brought this action *pro se* and pleads the following claims for relief.  In Count One she accuses the Reimer Law Firm of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a. *Id.* at PageID 16-18, ¶¶ 82-97.  In Count Two she alleges all the Defendants are liable to her under the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq.  *Id.* at PageID 18-24, ¶¶ 98-148.  In Count Three she asserts the Reimer Law Firm is liable to her under the Ohio Consumer Sales Practices Act, Ohio Revised Code § §§ 1345.01, et seq. *Id.*  at PageID 24-25, ¶¶ 149-58. In Count Four, she asserts liability against all Defendants for falsification in violation of Ohio Revised Code § 2912.13(G). *Id.* at PageID 26, ¶¶ 159-64.  All Defendants are sued for common law fraud in Count Five. *Id.*  at PageID 26-28, ¶¶ 165-76.  In her Sixth Count, Busby accuses all Defendants of engaging in a civil conspiracy to her damage. *Id.*  at PageID 28-30, ¶¶ 177-87.  In an unnumbered Seventh Count, she asserts all Defendants have breached their covenant of good faith and fair dealing and have engaged in "unlawful dual tracking." *Id.*  at PageID 30, ¶ 188.  In her Prayer for Relief, Busby seeks enumerated money damages, injunctive relief, and that the Court:

> Issue an Order requiring Defendants to take corrective action with any court to which they filed a foreclosure lawsuit using a defective, unauthenticated "assignment" that was purportedly signed on behalf of Countrywide Bank, FSB after April 27, 2009, by, at a minimum, providing notification to those respective courts of this case and this Court's declaration(s).

*Id.*  at PageID 32.

Plaintiff alleges that she is the record owner of a residential property at 251 Trumpet Drive, West Carrollton, Ohio, which is her primary home. *Id.* at PageID 2, ¶¶ 4-5. The Complaint contains a lengthy section labeled Factual Allegations which largely concern a foreclosure action filed by the Reimer Law Firm on behalf of Defendant Bank of America's predecessor in interest and captioned *BAC Home Loan Serving L.P. v. Jimmy Busby, et al,* on the docket of the Montgomery County Court of Common Pleas as Case No. 2009 CV 10420 (the "Foreclosure Action"). *Id.* at PageID 4-16, ¶¶ 17-81.

To flesh out the facts surrounding the Foreclosure Action, the Bank of America Defendants cite public records of the Montgomery County Common Pleas Court in the Foreclosure Action. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 (E.D. Mich. 2004).

The Bank of America Defendants bring their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of that rule is usually to test the formal sufficiency of a complaint, but it can also be used to raise and litigate an affirmative defense, such as qualified immunity, *Levin v. Childers,* 101 F.3d 44, 48 (6th Cir. 1996), or the statute of limitations, *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989). Provided that a *res judicata* defense is based on the pleadings or matters outside of the pleadings which do not require treating the motion as one for summary judgment, there is no good reason why a *res judicata* defense cannot be considered on a Rule 12(b)(6) motion. A court may consider public records, matters of which a court may take judicial notice, and letter decisions of

3

governmental agencies without converting the motion into a summary judgment motion. *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999). Indeed, the defense of *res judicata* may be raised *sua sponte* by a court even though it is usually an affirmative defense. *Holloway Construction Co. v. Dept. of Labor*, 891 F.2d 1211 (6th Cir. 1989), cited favorably in *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211 (1995).

**The Bank of America Defendants**

The Bank of America Defendants assert that all of Plaintiff's claims in this case are barred by *res judicata* because they all relate to the same transaction involved in the Foreclosure Action and were therefore compulsory counterclaims in that case. Because they were never raised in that case, the Bank of America Defendants argue, they are barred by *res judicata.*

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3rd Cir. 1989).

4

Because of § 1738, this Court must look to the effect the Ohio courts would give to the decision in the Foreclosure Action to determine whether it is entitled to *res judicata* effect under Ohio law.

Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald,* 142 Ohio St. 299 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co*., 20 Ohio St. 2d 108 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra*, and paragraph one of the syllabus of *Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments (1982), §§ 24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995):

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod,* 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), *quoting In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

Ohio R. Civ. P. 13(A) provides for compulsory counterclaims:

5

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

It is established that when the Busbys were sued in the Foreclosure Action, they filed no answer at all and the Common Pleas Court entered judgment against them by default. *BAC Home Loans Servicing LP v. Busby*, 2013-Ohio-1919, 2013 Ohio App. LEXIS 1800 (2nd Dist. May 10, 2013):

> **[*P5]** The Busbys were personally served with the complaint and summons by a deputy sheriff on December 24, 2009. Service by certified mail was completed on the same day; Mr. Busby signed the mail receipts for himself and his wife.
>
> **[*P6]** The Busbys failed to file an answer or otherwise respond to the complaint. Accordingly, BAC moved for a default judgment. On February 4, 2010, the trial court entered a default judgment against the Busbys in the amount of $173,333.67 plus interest from December 1, 2008. The mortgage was foreclosed, and the property was subsequently ordered to be sold.

*Id.* Prima facie, then, it appears that Plaintiff's claims against the Bank of America Defendants arise out of the same transaction involved in the Foreclosure Action, but they were not pleaded as part of the answer in that case because no answer was filed.

Plaintiff's only legal response to the *res judicata* defense is a citation to *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769 (7th Cir. 2014). In that case the Seventh Circuit held that the *Rooker-Feldman* doctrine

> [The rule] does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. E.g., *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995), and other cases cited in *Truong v. Bank of America, N.A.*, 717 F.3d 377, 383-84 (5th Cir. 2013). Such a suit does not seek to disturb the judgment of the

> state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment. It's true that the plaintiff is also asking that the default judgments be vacated, and that is relief that would violate the *Rooker-Feldman* rule; but that claim can be rejected without affecting the damages claim.

*Id.* at **9-10.  As Judge Posner recognized in *Johnson*, the *Rooker-Feldman* doctrine prohibits a federal district court from interfering with a state court judgment, but does not speak to the finality of such a judgment and the claim-preclusive effect a state court judgment will have in subsequent federal litigation.

Plaintiff's factual response to the *res judicata* defense is to argue the Foreclosure Action judgment is void for lack of jurisdiction because Bank of America had no standing and the Common Pleas Court never acquired personal jurisdiction because there was no service of process.  However, those claims have been finally decided against Mrs. Busby by the denial of the motions to vacate that judgment and the affirmance of the denial of the second motion to vacate on appeal by the Second District Court of Appeals.  *BAC Home Loans Servicing LP v. Busby*, *supra*, ¶¶ 5, 13-22.

Accordingly, the Bank of America Defendants' claim that this action against them is barred by *res judicata* is well taken.  Because that conclusion is dispositive of the Motion to Dismiss, the Bank of America Defendants' other bases for dismissal need not be considered.

**The Reimer Law Firm**

The Reimer Law Firm seeks dismissal of all claims against it on the ground that they are barred by the relevant statutes of limitation.

7

One of the claims made against the Reimer Law Firm is that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a when it filed the Foreclosure Action on behalf of Bank of America (Complaint, Doc. No. 1, PageID 16-18, ¶¶ 82-97). The statute of limitations for an action under the FDCPA is one year from the date of the violation. 15 U.S.C. §1692k(d). The Foreclosure Action was filed December 22, 2009, but this action was not filed until December 1, 2014 (Doc. No. 1). Prima facie, the FDCPS claims are barred by the statute.

Ms. Busby seeks to avoid the effect of the statute of limitations by claiming that the Reimer Law Firm's actions constitute a continuing violation of FDCPA (Memorandum in Opposition, Doc. No. 15, PageID 711, *citing Slorp v. Lerner, Sampson & Rothfuss,* 587 Fed. Appx. 249, 2014 U.S. App. LEXIS 18816 (6th Cir. Sept. 29, 2014)).

The Court reads *Slorp* differently from the Plaintiff. In that case the Sixth Circuit noted that:

> No court of appeals has held that debt-collection litigation (or a misleading statement made in connection with that litigation) is a continuing violation of the FDCPA. *See Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 131 (3d Cir. 2009) (per curiam) (holding that ongoing debt-collection litigation does not constitute a continuing violation of the FDCPA); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (stating that the FDCPA's statute of limitations begins to run when the debt-collection suit is filed rather than when the trial court issues its judgment).

*Id.* at 257-58. The court also rejected application of the continuing violation in the case before it, finding that doing so "would be inconsistent with the inconsistent with the principles underlying the Supreme Court's limited endorsement of that doctrine in Morgan."[1] *Id*. at 258. Ms. Busby's FDCPA claim is not saved by the continuing violation doctrine.

---

[1] *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

In Count Two Ms. Busby alleges all the Defendants are liable to her under the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq. (Complaint, Doc. No. 1, PageID 18-24, ¶¶ 98-148.) The Supreme Court had held the limitations period for RICO actions is four years. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.,* 483 U.S. 143 (1987). On that authority, Ms. Busby's RICO claims are time-barred.

In Count Three of the Complaint, Ms. Busby asserts the Reimer Law Firm is liable to her under the Ohio Consumer Sales Practices Act, Ohio Revised Code § §§ 1345.01, et seq. (Complaint, Doc. No. 1, PageID 24-25, ¶¶ 149-58.) Claims under that statute must be brought within two years of the date they accrue, in this case December 22, 2009. Therefore the Consumer Sales Practices claim must be dismissed as time-barred. The Court also notes that the Sixth Circuit in *Slorp* held that an improper foreclosure action does not violate that Act because a "lawsuit in furtherance of servicing [a] residential mortgage [does] not involve a consumer transaction." *Slorp,* 587 Fed. Appx. at 259-60.

In Count Four Ms. Busby purports to state a claim for civil liability for falsification (Complaint, Doc. No. 1, PageID 26, ¶¶ 159-64). Ms. Busby has voluntarily withdrawn that claim (Memorandum in Opposition, Doc. No. 15, PageID 717).

In Count Five Ms. Busby pleads a claim of common law fraud against all Defendants (Complaint, Doc. No. 1, PageID 26-28, ¶¶ 165-76). That claim is subject to the four-year statute of limitations in Ohio Revised Code § 2305.09 and is barred because it was filed well outside that time limit.

Count Six is a claim for civil conspiracy against all Defendants (Complaint, Doc. No. 1, PageID 28-30, ¶¶ 177-87). The statute of limitations for a civil conspiracy claim in Ohio is "the applicable statute of limitations for the underlying cause of action" as it applies to the civil

conspiracy charge. *Chernett Wasserman Yarger, LLC. v. ComScape Holding, Inc.*, 2014-Ohio-4214, ¶ 28 (8th App. Dist. 2014); *quoting Cully v. St. Augustine Manor*, 1995 Ohio App. LEXIS 1643 (8th App. Dist. 1995); *Davis v. Clark County Bd. Of Comm'rs*, 2013-Ohio-2758, ¶ 20 (2nd App. Dist. 2013). . Ms. Busby filed well after the applicable deadlines and is therefore barred.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Complaint herein be dismissed with prejudice.

April 3, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).