# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATTIE BUSBY,

                           Plaintiff,          :       Case No. 3:14-cv-410

                                                  District Judge Thomas M. Rose

    -   vs   -                            Magistrate Judge Michael R. Merz

BANK OF AMERICA, N.A., et al.,

                           Defendants.        :

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTIONS TO DISMISS; DECISION AND ORDER ON MOTION TO AMEND

---

This case is before the Court on Plaintiff's Objections (Doc. No. 33) to the Magistrate Judge's Report and Recommendations recommending that this case be dismissed with prejudice (the "Report," Doc. No. 31).  District Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 35).  The case is also before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. No. 32) which Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., (the "Reimer Law Firm") opposes (Doc. No. 34).

**The Motions to Dismiss**

The Report recommended dismissing all claims against the Bank of America Defendants as barred by *res judicata* (Doc. No. 31, PageID 923). All claims against the Reimer Law Firm were found barred by the relevant statutes of limitation. *Id.* at PageID 924-26.

Ms. Busby first objects "to the assignment of this case to an Article I Magistrate. . . ." United States Magistrate Judges are not Article I judges as, for example, are administrative law judges or judges in United States territories. Instead they are adjuncts of Article III courts, the United States District Courts. Referral of a matter to a United States Magistrate Judge does not require consent of the parties and a purely conclusory objection to the referral[1] provides no basis for vacating the referral which was made randomly pursuant to the Dayton location of court General Order of Assignment and Reference. The parties did not unanimously consent to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case therefore remains assigned to District Judge Thomas M. Rose for final decision on all dispositive motions.

Ms. Busby's second objection is that the Report "fails to adequately address *Rooker-Feldman* with regard to all claims and issues occurring prior to the 10 December 2014, 'no sale' entry in the lower court." (Objections, Doc. No. 33, PageID 1028-35.) But the Report does not recommend dismissal under the *Rooker-Feldman* Doctrine,[2] but on the basis of *res judicata* and the statutes of limitations.

Ms. Busby's third objection is that the Report "improperly considers internet evidence in favor of Defendants while improperly ignoring relevant credible internet information that

---

[1] Ms. Busby merely says she objects but gives no reasons (Objections, Doc. No. 33, PageID 1027).
[2] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983).

destroys Defendants' position." (Objections, Doc. No. 33, PageID 1035.)  The relevant portion of the Report reads:

> To flesh out the facts surrounding the Foreclosure Action, the Bank of America Defendants cite public records of the Montgomery County Common Pleas Court in the Foreclosure Action. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp*., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *Graham v. Smith,* 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 (E.D. Mich. 2004).

(Doc. No. 31, PageID 919.)

In a case in which the defense of *res judicata* is pled, the records of the prior case whose final judgment assertedly bars the later litigation is of critical relevance.  The Montgomery County Clerk of Courts Gregory A. Brush is, as a matter of law, the official custodian of the records in the underlying foreclosure action.   Mr. Brush maintains an Internet site at www.clerk.co.montgomery.oh.us on which the documents from the underlying foreclosure action can be viewed.  As the home page for that site indicates, all civil cases in the General Division of the Common Pleas Court must be filed electronically, so, just as in this Court, the electronic document is the "original."  That is a strong guarantee of the reliability of case filings available on that site.

Not all information on the Internet is created equal.  In contrast to the website of Clerk Brush, there are hundreds of millions of websites with information that is unreliable.

Ms. Busby cites two pieces of information purportedly taken from the Internet in her Objections.   The first is an excerpt from the website of the Federal Deposit Insurance

Corporation which Ms. Busby relies on to show that Countrywide Bank, FSB, was "inactive as of April 27, 2009.  She does not refer the Court to any place in her opposition to the Motions to Dismiss where she cited this material or any place in the Report where the Magistrate Judge refused to consider it.  But more importantly, the excerpt purports to show that Countrywide Bank "merged into Bank of America, NA."  The legal effect of a merger would usually be to allow the successor corporation to continue the business of the prior corporation without interruption.

Ms. Busby's second Internet citation is an excerpt which she says fails to indicate Mohit Pathan has any experience as an executive of MERS.  Here she does not give a citation to the website from which the excerpt is taken, so the reader cannot check her source.  She gives no citation to any place in her opposition to the Motions to Dismiss where she cited this material or any place in the Report where the Magistrate Judge refused to consider it.  And she fails to make any argument as to why this information is relevant to Defendants' *res judicata* defense.

Ms. Busby's fourth objection is that the Reimer Law Firm has engaged in a "pattern of misconduct and untrustiworthiness."  (Doc. No. 33, PageID 1036—41.)  As proof she cites an occasion when Mr. Reimer was found to have filed a false affidavit respecting service of process in a case.  *Sims v. Bloomfield Sav. Bank,* 1977 Ohio App. LEXIS 8777 (9th Dist. Dec. 14, 1977).  Her argument seems to be that since the affidavit regarding service in that case was false, it must also have been in this case.  The difficulty with this argument, aside from the logical problem of generalization from one example, is that the question of proper service of process in the underlying foreclosure action has already been litigated and appealed with the court of appeals finding service was proper and Ms. Busby defaulted.  *BAC Home Loans Servicing LP v. Busby*, 2013-Ohio-1919, 2013 Ohio App. LEXIS 1800 (2nd Dist. May 10, 2013).  Ms. Busby has many

complaints about how this case was handled by Judge Timothy O'Connell in the Montgomery County Common Pleas Court, but the proper place to raised them was on appeal to the Second District Court of Appeals.  This Court, per *Rooker-Feldman, supra*, does not sit to review decisions of the Ohio courts of appeal.

As an attachment to her Objections, Ms. Busby requests the Court to take judicial notice of a number of matters.  While all of the cited facts relate in some way to the general controversy over mortgage foreclosures in this country in the last eight years, none of them speak to the issues addressed in the Report – *res judicata*  as to the claims against the Bank of America Defendants or statute of limitations bars as to the claims against the Reimer Law Firm.


**The Motion to Amend**


Plaintiff seeks leave to file a second amended complaint (Doc. No. 32).  The Motion is timely under the Court's Scheduling Order (Doc. No. 28) which set a deadline of April 10, 2015, for filing motions to amend.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).  Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.  *Id.* at 130, *quoting Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).  Denial of a motion for leave to amend the complaint generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed de novo. *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

The Motion for Leave to Amend is DENIED. because the amendment would be futile. For the reasons given in the Report, Plaintiff's claims against the Bank of America Defendants are barred by *res judicata* and her claims against the Reimer Law Firm are barred by the relevant statutes of limitations.  Furthermore, she has attempted to add parties without stating any claim for relief against them.

**Conclusion**

Having reconsidered the Report in light of the Objections, it is again respectfully recommended that the Complaint herein be dismissed with prejudice.  The Motion for Leave to Amend is DENIED.

April 22, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).