IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Pattiann Busby *et al.*<br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA *et al.*,<br>Defendant(s) | Case Number:  3:14-cv-00410<br><br>PLAINTIFF'S OBJECTION TO<br>MAGISTRATE'S REPORT AND<br>RECOMMENDATIONS FOR<br>RULE 59 RELIEF |

COMES NOW Pattiann Busby, Plaintiff to file this Objection to Magistrates Recommendation which is brought pursuant to the principles of equity and clean hands.

1. Plaintiff's Motion for Rule 59 (Dkt. 51) filed on 2 July 2015, is an equitable rule. The equitable maxims "he who seeks equity must do equity", "he who seeks equity must come with clean hands", "equity regards substance over form" and "equality is equity" are relevant and directly applicable to the instant matter.

2. Pleadings and papers filed by unrepresented litigants shall not be held to the same standard as lawyers and/or attorneys at law (distinct definitions); and whose motions, pleadings and all papers may only be judged by their substance and not their form. *See: Platsky v. CIA*; *Anastasoff v. United States*; Moore's Federal Practice; and *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) (emphasis in bold):

> *Platsky v. C.I.A.*, 953 f.2d. 25. **Court errs** if court dismisses the unrepresented litigant **without instruction of how pleadings are deficient** and how to repair pleadings.
>
> *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000). Litigants' [substantive] constitutional [guaranteed] rights [not confused with privileges] are violated when courts depart from precedent where parties are similarly situated. [i.e. *Slorp*]
>
> Professor Moore has argued that "*when a litigant appears pro se ... good reason may exist for relaxing to some extent the standard of alertness that might be supposed to apply to a member of the bar.*" 7 J. Moore Federal Practice ¶ 60.27[2], at 364-65 (2d ed. 1976)(footnotes omitted).  **21 of 31 judges** who responded to a question as to whether they **would be more lenient in excusing the delay of a pro se defendant indicated that they would be**. See note 8 supra.

1

> *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)
> "Pleadings are intended to **serve as a means of arriving at fair and just settlements** of controversies between litigants. **They should not raise barriers which prevent the achievement of that end**. Proper pleading is important, but its importance consists in its effectiveness as a means to **accomplish the end of a just judgment**."

See also *Goldwyn v. Donahoe*, (10th Cir. 2014), which is instructive as it applies to evaluation of a Rule 59 Motion that is arguably filed one day late:

> In a minute order filed on March 18, 2013, the district court granted **Donahoe's** motion to dismiss, to which **Goldwyn** had not responded. Judgment was entered the same day. On April 15, 2013, **Goldwyn** sent a Rule 59(e) motion to alter or amend the judgment to the court by mail and email. She argued she was unaware that she was expected to respond to **Donahoe's** motion to dismiss. The court denied the motion on May 16, 2013, finding that it was untimely [4] and noting that the court did not grant **Donahoe's** motion merely due to **Goldwyn's** failure to file a timely response but instead "for good cause shown." R. vol. 1, at 66. On July 15, **Goldwyn** filed a motion for extension of time to file a notice of appeal, which the district court denied on July 18.
>
> The motion was not filed in the district court until April 16, which was one day outside Rule 59(e)'s 28-day limit. Fed. R. Civ. P. 59(e). But it appears Goldwyn emailed the motion to the clerk of the district court on April 15. See Reply Br. Attach. A. The District of Kansas allows an unregistered pro se filer to file by email and the clerk's office is instructed to file the documents the day they are received. See Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court of the District of Kansas 20–21 (2013), available at http://www.ksd.uscourts.gov/civil-cases-administrative-procedure-for-filing-signing-andverifying-pleadings-and-papers-by-electronic-means/. For the sake of this appeal, we will treat Goldwyn's Rule 59(e) motion as timely filed.

3. In the instant case Plaintiff was dealing with an out-of-state father in-law on his death bed and a traveling husband who was driving a truck across the Country. These were elements beyond her control but she still had her documents ready to file on the due date but could not deliver them. Plaintiff filed her Rule 59 in hard copy just twelve (12) hours "late" but would have emailed the documents if this Court had permitted same. To the extent that it did not permit same she has been denied Equal Protection under the Law, per the Fourteenth Amendment to the United States Constitution.

4. The U.S. Supreme Court's leading authority on the modern concept of excusable neglect. *Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993), holding that even lawyers can make mistakes.

2

5. The court considered the four factors established in *Pioneer*, the balancing test for determining whether there had been "excusable neglect." The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. 507 U.S. at 395.

6. Let's address each one specifically to this case:

(1) Bank of America is in no danger of prejudice should the Court grant the Motion for Rule 59 Relief, or deny it and allow Plaintiff to continue onto the 6th Circuit. As they are so sure their alleged fraud and misconduct is beyond reproach, why would they duck the opportunity to join Plaintiff on appeal?

(2) The length of delay is minimal – grant the Motion and we move forward in this Court. Deny it and Plaintiff files Notice of Appeal within days. Plaintiff has not been the party that has dragged this sham out for SIX YEARS – that's strictly on BOA and Reimer.

(3) The Magistrate noted in his Report, he anticipated the argument by Plaintiff that she is entitled to an additional three days under Fed. R. Civ. P. 6(d) because the judgment was sent to her by mail. Said judgment was also dated 3 July 2015 – **which was a court holiday**. And because of that holiday, Plaintiff didn't receive the Magistrates Recommendation until Thursday, 9 July 2015. The Magistrate Judge notes that Rule 6(d) applies only to documents served on opposing counsel and not to documents that must be filed in court. This is a tricky rule, and unclear at best. Plaintiff has been diligent and timely in all her previous filings and this is simply an error that this Court can certainly rule as a technical error and excusable neglect.

On a more personal note, which the Court may liken to "the dog ate my homework" excuse – Plaintiff's 85 year old father-in-law became suddenly seriously ill, and has been hospitalized (out of state) over the last month. His heart is failing; his kidneys are blocked by a cancerous mass which cannot be treated successfully and he is now with family being cared for and kept comfortable as these are his final days. As he is my daughters most precious gift, there has been a lot of travel and contact with his doctors, nurses and making arrangements to give him the best we can, while we have the opportunity to. This has taken a toll.

(4) Plaintiffs conduct in this instance, and in all previous actions with this Court, have been made in good faith. As previous Court documents/rulings have come to Plaintiff allowed for Rule 6(d) to apply, Plaintiff followed that rule and even took the Court holiday into consideration in filing her Motion for Rule 59; honestly believing that it was timely filed.

7. Equity will take jurisdiction to avoid a multiplicity of suits. In the instant case, Plaintiff beseeches Judge Thomas M. Rose to consider allowing the Motion for Rule 59 Relief to stand and be ruled on. It will actually conserve judicial resources in the future as Plaintiff is fully versed in multiple causes of action that Defendants can still be brought back to court for. Plaintiff has no intention of allowing her home to be stolen.

SUMMARY OF PURPOSE OF MOTION FOR RULE 59 RELIEF

8. The Court ignored a presentation of facts and arguments that Fraud vitiates an entire proceeding.

9. The Court ignored a presentation of facts and arguments that Rooker-Felman and Res Judicata did not apply in this case, going so far as to ignore Magistrate Merz own prior ruling.

10. The Court ignored a presentation of facts and arguments that show that Plaintiff is similarly-situated to the Plaintiff in *Slorp*; while finding that *Slorp* was not binding in response to Plaintiff's Request for Judicial Notice the Court nonetheless took the portions of *Slorp* it could use to deny Plaintiff's FDCPA claims while ignoring the portions that clearly permit Plaintiff's RICO claims.

11. Plaintiff would also like to bring to the Courts attention to *Goodin v. Bank of America, N.A.*, No. 3:13–cv–102–J–32JRK, signed 23 June 2015, Timothy J. Corrigan, District Judge.

12. The Court held Bank of America responsible under both the FDCPA and FCCPA that Plaintiffs were entitled to statutory damages, actual damages, and punitive damages alone in the amount of $100,000.

> *11 While not accepting every aspect of their testimony, overall, the Court found the Goodins' testimony regarding the emotional distress caused by the Bank's FDCPA and FCCPA violations to be believable. The tumult of receiving repeated erroneous communications from the Bank, their inability to get anybody at the Bank to listen to them, their feelings of loss of control and the very real fear of losing their home combined to create a very stressful situation.

4

>*16 The goal of punitive damages is to punish gross negligence and to deter such future misconduct. Thus, the award must be large enough to get Bank of America's attention, otherwise these cases become an acceptable "cost of doing business." Bank of America is a huge company with tremendous resources, a factor that the Court may and has considered in determining an appropriate award. *See Myers v. Cent. Florida Investments, Inc.,* 592 F.3d 1201, 1216 (11th Cir.2010). 17 Also, this is a serious FCCPA case, in which there were a large number of violations that occurred over a long period of time, and in which the Bank ignored the Goodins' repeated attempts to fix its many errors. The Court, as fact-finder, finds that the Goodins have proven by clear and convincing evidence that a punitive damages award of $100,000 is appropriate.

13. This case shows clearly that judges are not allowing themselves to be spoon-fed the diet of illusion, smoke and mirrors that has prevailed so long in the American court system. If these decisions were made 10 years ago we would not have had a foreclosure crisis. Is this Court, really going to turn a blind eye and hold Plaintiff to a technical error that will cause irreparable harm, and resulted in missing a timeline by approximately twelve (12) hours, and let Defendants continue this blatant disregard for our Courts that dates back to their failure to Mediate and a flurry of bogus documents?

## CONCLUSION and PRAYER FOR RELIEF

14. Equity will not allow a statute to be used as a cloak for fraud. Equity prevents a party from relying upon an absence of a statutory formality if to do so would be unconscionable and unfair.

15. Defendants, and all of them, have perpetrated such open and flagrant fraud upon the Court that no justice could have been rendered. Plaintiff contends in her earlier pleadings that such fraud upon the court was committed in connivance with the Defendants' attorneys. In essence, therefore, Defendants defiled the court itself.

16. Considering the relevant circumstances and the specific details of the case at hand, the Court's order of dismissal with prejudice is utterly misplaced. In truth, the facts and the law indicate that Plaintiff's case is not dismissible, since the arguments she has advanced are meritorious.

5

17. Is *perceived* justice, justice at all? Plaintiff is willing to continue to exercise the right to equal protection under the law. These are not merely statutory mandates, but more importantly constitutional rights emanating from the fundamental law of the land. Truly, I hope Judge Thomas M. Rose will take that into consideration and rule on Plaintiff's Motion for Rule 59 Relief.

Respectfully this 17th day of July, 2015.

*/s/ Pattie Busby*
Pattie Busby

## CERTIFICATE OF SERVICE

I, Pattie Busby, hereby certify that on or about July 17, 2015, a copy of Plaintiffs Objection to Magistrates Report and Recommendations for Rule 59 Relief was mailed via first class mail, and email to the following recipients:

David A. Wallace, Esq., (0031356)
c/o Carpenter, Lipps & Leland, LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
614.365.4100 phone
614.365.9145 fax
*Attorneys for Defendants:*
BANK OF AMERICA, N.A.,
successor, by merger, to
BAC Home Loans Servicing LP,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
MOHIT PATHAN

Timothy T. Brick (0040526)
c/o GALLAGHER SHARP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Telephone: (216) 241-5310
Facsimile: (216) 241-1608
E-mail: tbrick@gallaghersharp.com
*Attorneys for Defendants:*
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
30455 Solon Road
Solon, OH  44139

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge.

Executed this 17th day of July 2015, at Montgomery County, Ohio

*Pattie Busby* (signature)
Pattie Busby

7