# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PATTIE BUSBY,

                Plaintiff,      :      Case No. 3:14-cv-410

                                    District Judge Thomas M. Rose
- vs -                                    Magistrate Judge Michael R. Merz

BANK OF AMERICA, N.A., et al.,

                Defendants.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 53[1]) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 52). District Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 54).

The Report recommended that Plaintiff's Fed. R. Civ. P. 59 Motion (ECF No. 51) be denied because it had been filed one day past the deadline for such motions.

Plaintiff begins her Objections by citing equitable principles and arguing that, at the time her Rule 59 motion was due, she was "dealing with an out-of-state father in-law on his death bed and a traveling husband who was driving a truck across the Country." Those are facts of which the Court was not aware. On most occasions when hardship facts of this sort are presented to the

---

[1] This Court has been accustomed to cite to federal court records by document number ("Doc. No.")  However, the Bluebook prescribes use of "ECF No."  A Uniform System of Citation, Rule 10.8.3 (20th ed.).

1

Court in a request for extension of time, they of course warrant favorable consideration. However, Fed. R. Civ. P. 59(e) is an exception.  Fed. R. Civ. P. 6(b)(2) expressly forbids granting an extension of time to file a Rule 59(e) motion.

Plaintiff also argues that as a *pro se* litigant, she is entitled to more lenient application of the rules.  The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) *citing Federal Exp. Corp. V. Holowecki,* 552 US. 389, 402 (1998); *see also*, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

However, this laxity does not apply to straightforward scheduling requirements which are as understandable by a layman as by a lawyer.  *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). *Pro se* litigants are required to adhere to basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, no special treatment is to be afforded to ordinary civil litigants who proceed *pro se.  Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988). "Where . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff complains that she had the document prepared in time and could have filed it by email if the Court permitted email filing..  She notes that the District of Kansas permits unregistered *pro se* filers to file by email, citing *Goldwyn v. Donahue,* (652 Fed. Appx. 655 (10th Cir. 2014).  This Court has never permitted email filing for represented or *pro se* litigants. Decision about acceptable methods of filing are made on a court-by-court basis, so there is no

2

single actor who is discriminating in favor of *pro se* litigants in Kansas and against them in Ohio.

Ms. Busby argues the excusable neglect standard of *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993), applies to her situation. However, failures to file on time under Fed. R. Civ. P. 59 are not subject to excusable neglect. They are, like statutes of limitations, absolute deadlines.

Plaintiff's Objections are therefore without merit and it is again respectfully recommended that her Fed. R. Civ. P. 59(e) Motion be stricken as untimely filed.

July 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

3