IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATTIE BUSBY,

                Plaintiff,      :      Case No. 3:14-cv-410

                                                      District Judge Thomas M. Rose
- vs -                                        Magistrate Judge Michael R. Merz

BANK OF AMERICA, N.A., et al.,

                Defendants.      :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Plaintiff's Motion for Rule 60(b) Relief in which she seeks relief from the Court's Orders of June 3, 2015, and August 24, 2015(ECF No. 59). The June 3rd Order overruled Plaintiff's Objections to several Magistrate Judge Report and Orders and dismissed the case (ECF No. 48). The August 24th Order overruled Busby's Objections to the Magistrate Judge's Reports and Recommendations on her Fed. R. Civ. P. 59 Motion (ECF No. 58).

Fed. R. Civ. P. 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Ms. Busby does not specify under which subsection of Rule 60(b) she seeks relief. She does not claim that judgment was entered against her as a result of mistake, inadvertence, surprise, or excusable neglect, so Rule 60(b)(1) is not involved. She does not argue that the judgment is void, satisfied, discharged, or released, so Rules 60(b)(3) and (4) are not involved. She makes a great number of allegations of fraud, but they are all of alleged fraud committed by Defendants in obtaining the Common Pleas judgment from which she seeks relief in this Court. She made all of those allegations before judgment was entered and they were considered in entering judgment.

She does allege discovery of new evidence, so a portion of her Motion can be considered under Fed. R. Civ. P. 60(b)(2). She places great reliance on the deposition testimony of Ronald John Chernek, a named partner in the Defendant law firm, in Glazer v. Chase Home Finance LLC, Case No. 1:09-cv-1262 on the docket of District Judge Boyko in the Northern District of Ohio. However, instead of providing an authenticated copy of the deposition transcript, Ms.

Busby relies on excerpts extracted from the motion for summary judgment of the plaintiff in that case.

More importantly, Ms. Busby quotes nothing from the Chernek deposition that is relevant to this Court's judgment. While that testimony may be newly-discovered evidence of a pattern and practice of the Reimer law firm which would be relevant to the foreclosure action in Judge Connell's case (the foreclosure action), it does not speak to the question of whether this case is barred by *res judicata* or the statute of limitations, which is the basis of the Court's judgment.

Apart from her argument about the newly-discovered Chernek testimony, Ms. Busby's arguments are directed to supposed errors in the Magistrate Judge's consideration of her case and therefore in Judge Rose's adoption of those Reports. No specific subsection of Rule 60(b) speaks to relief from judgment on the basis of court mistakes, so the Motion must be considered as being brought under the catch-all provision of Fed. R. Civ. P. 60(b)(6).

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackermann v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

While Rule 60(b)(6) could be used to grant relief from judgment when the court had a mistake of law pointed out to it, the Magistrate Judge is not persuaded the final judgment in the case is based on any error. Nothing in the Motion is directed to any supposed error in denying

Ms. Busby's Fed. R. Civ. P. 59 Motion It is therefore respectfully recommended that the Motion for Relief be DENIED.

August 28, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).